Van Vookhis, J.
This relator pleaded guilty October 14, 1930, in the Court of General Sessions of the County of New York, with counsel, to armed robbery in the second degree. He was sentenced to from 12% to 25 years’ imprisonment, including an additional term for being armed under section 1944 of the Penal Law. He was paroled on February 20, 1939, but in 1953, while on parole, he was convicted in the State of Connecticut of a crime which would have been a felony if committed in New York State. He was sentenced there to a term of from 3 to 15 years, was paroled from Connecticut in 1955 and returned to Sing Sing Prison on July 26 of that year, charged with 15 years, 7 months and 28 days delinquent time pursuant to section 219 of the Correction Law. His maximum term after parole jail time credit will expire March 24, 1971.
This relator has applied for habeas corpus on the ground that section 480 of the Code of Criminal Procedure was not followed when he was sentenced. His writ has been sustained. As in the appeal in the case of Amos Williams (6 N Y 2d 234), decided simultaneously herewith, he did not take the stand when this habeas corpus proceeding was tried, but this record lacks the entries in the stenographic minutes and in the minutes of the Clerk of the court which existed in the Amos Williams case, indicating that the question required by section 480 was *240 addressed to the relator. The burden here, as in the Williams case, is on the relator to overcome the presumption of official regularity, but this was done by the introduction into evidence of the stenographic minutes and the Clerk’s minutes which disclosed no compliance with section 480. A consecutive narrative of what occurred at the time of sentence appears to be furnished by the stenographic minutes, and the omission of compliance with section 480 of the Code of Criminal Procedure, at least in the absence of support from the Clerk’s minutes, is thereby established sufficiently to create a question of fact.
It is true that the Clerk’s minutes contain an oblique reference to the allocution required by section 480 where, in reference to another defendant previously sentenced, the Clerk’s minutes say: ‘ ‘ The defendant having nothing further to say, etc. Ordered by the Court that sentence be suspended ”.
When it came to sentencing relator, the Clerk’s minutes read: “ ‘ The Like as to each Judgment as to Sheehan: State Prison at hard labor for the term of not less than Seven Years Six Months nor more than Fifteen years.
The above sentence shall be increased by imprisonment in State Prison for a term of not less than Five Years nor more than Ten Years as provided by Section 1944 of the Penal Law. ’
F. Howard Barrett,
F. Howard Barrett,
(Seal) Clerk of Court ”
A footnote says:
“ The word ‘ LIKE ’ refers to a previous entry on page 180, to wit: ‘ The Defendant having nothing further to say etc.’ ” The inference is sought to be drawn that when it came to recording the proceedings had in imposing the sentence on Sheehan, the Clerk referred back to the entry regarding the first convict to be sentenced on the same day, viz., 6 ‘ The Defendant having nothing further to say, etc. Ordered by the Court” and so forth. We need not decide whether this could be enough, combined with the presumption of regularity, to uphold the sentence if it had been decided as a question of fact on the trial of this habeas corpus proceeding that the allocution had been given. It is not sufficient to require a determination as matter of law that *241 it was given. We have held that habeas corpus may be invoked under these circumstances (People ex rel. Miller v. Martin, 1 N Y 2d 406).
The order appealed from should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
Order affirmed.